**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3377-22

JANET YIJUAN FOU,

     Plaintiff-Respondent,

v.

KEVIN KERVENG TUNG, PC
and KEVIN TUNG, ESQ.,

     Defendants-Appellants.

_____

          Argued November 20, 2024 – Decided January 22, 2025

          Before Judges Currier and Marczyk.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6259-12.

          Kevin K. Tung (Kevin Kerveng Tung, PC) argued the cause for appellants.

          James A. Plaisted argued the cause for respondent (Pashman Stein Walder Hayden, PC, attorneys; James A. Plaisted and Michael J. Zoller, on the briefs).

PER CURIAM

This matter arises out of post-judgment proceedings following a legal malpractice trial in which the jury awarded plaintiff $500,000 in damages against defendants (Tung), finding Tung was negligent in his representation of plaintiff in a matrimonial action. The verdict was for legal fees plaintiff's new counsel incurred to invalidate the property settlement agreement (PSA) and final judgment of divorce (FJOD) and obtain an amended FJOD.

This court affirmed the jury's finding of negligence but modified the award to $449,798.59 to reflect the evidence regarding the attorney's fees and costs required "to remedy the errors in the PSA and original judgment of divorce." Fou v. Tung, No. A-4690-18 (App. Div. Aug. 25, 2021) (slip op. at 34). We remanded for the trial court to enter a revised judgment in accordance with our opinion.

Following the remand, and before the trial court revised the judgment, Tung moved to vacate the original final judgment: the same final judgment he had challenged on appeal, and which had just been affirmed, as modified, by this court. The trial court denied the motion in a June 23, 2023 order, explaining the relief Tung sought was inconsistent with this court's decision. On July 10, 2023, the trial court revised the FJOD to reflect this court's decision. Tung appeals from both orders. We affirm.

The facts and procedural history are set forth in our prior decision and need not be repeated here. Essentially, after plaintiff was divorced from her husband, she retained new counsel who successfully moved to vacate the FJOD and reopen discovery as to Fou's assets and income. As stated, the court entered an amended FJOD. We affirmed the order and award of counsel fees. See Fou v. Fou, No. A-1569-14 (App. Div. July 21, 2016) (slip op. at 25).

After a trial in the subsequent legal malpractice case, the jury found Tung negligent and awarded plaintiff $500,000 in damages. The trial court denied Tung's motion for judgment notwithstanding the verdict (JNOV), or alternatively, for a new trial, finding the trial evidence supported the jury's verdict and noting plaintiff's damages included "those legal fees required to invalidate" the PSA and procure an amended FJOD. The court also awarded plaintiff's counsel $702,000 for fees incurred in prosecuting the action.

In appealing the judgment, Tung raised numerous issues, as described in our decision, including that plaintiff did not establish she suffered any financial damages, and the $500,000 damages award was not supported by the evidence or applicable law. We considered and rejected all of Tung's arguments, affirming the orders denying Tung's motions for JNOV and for a new trial and for reconsideration of that order.

However, we slightly modified the judgment amount to conform with the evidence. Plaintiff and her expert testified she incurred legal fees of $449,798.59 to vacate the PSA and judgment of divorce and obtain the amended FJOD. Therefore, we vacated the damages award in the final judgment and remanded for the court to enter a revised judgment of $449,798.59 in damages and for interest on the attorney's fee award.

In a July 10, 2023 order, the trial court entered the revised judgment as follows: $449,798.59 in damages; $58,698.72 in "[p]rejudgment interest on the damages award in accordance with R[ule] 4:42-11"; $702,000 for fees and costs; and $101,335.63 in "[p]rejudgment interest on the award for fees and costs calculated in accordance with the Court Rules[.]"

In this appeal, Tung contends, among other arguments, that: this court violated his due process rights in establishing a damages award of $449,798.50; the FJOD should be vacated under Rule 4:50-1(a), (c), and (f); and plaintiff is not entitled to counsel fees in either the legal malpractice case or for the work performed in procuring the amended FJOD. In great part, Tung reiterates

arguments previously presented in his two prior appeals that were considered and rejected by this court.[1] We will not address those points again.

After a careful review, we can quickly dispense with Tung's contentions regarding the orders on appeal. In the first appeal following the legal malpractice verdict, we affirmed the orders denying JNOV and for a new trial. Fou, slip op. at 55 (App. Div. Aug. 25, 2021). Therefore, Tung's motion before the trial court to vacate the judgment was meritless as the arguments were moot. On July 10, 2023, the trial court properly amended the judgment to conform with this court's decision modifying the damages award. The court did not err in following this court's instructions.

Any arguments we have not directly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Tung has also sought and been denied relief from our Supreme Court and the United States Supreme Court regarding each of this court's prior decisions.

A-3377-22